UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-14045-CR-ROSENBERG/LYNCH

UNITED STATES OF AMERICA,
          Plaintiff,

v.

RICHARD JOSEPH AHEARN,
          Defendant.
_____/



FILED BY _CGA_

Nov 5, 2015

STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. Fort Pierce, FL

### ACKNOWLEDGMENT OF OFFENSE ELEMENTS AND STIPULATION AS TO FACTUAL BASIS FOR GUILTY PLEA

I, RICHARD JOSEPH AHEARN, agree that the facts set forth below are true and accurate and that the United States could prove these facts against me at trial.  I am pleading guilty to Count 1 of the Indictment, charging me with receiving material involving sexual exploitation of minors, in violation of Title 18, United States Code, Section 2252(a)(2) and (b)(1); and Count 2 of the Indictment, charging me with possession of child pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2); and because I did knowingly receive child pornography, and possess child pornography, that is, possess and receive one or more visual depictions involving the use of a minor engaged in sexually explicit conduct, I am pleading guilty because I am in fact guilty of these two charges.

1

### NATURE OF CHARGES TO WHICH I AM PLEADING GUILTY

I am aware of and understand the nature of the charges to which I am pleading guilty because I have discussed with my attorney the charges and what the prosecutor must prove to convict me.

I understand that Count 1 charges me with knowingly receiving any visual depiction that has been mailed or that has been shipped or transported in interstate or foreign commerce by any means including by computer when the visual depiction was produced by using a minor engaged in sexually explicit conduct and depicts the conduct, and that the United States must prove the following elements of the offense beyond a reasonable doubt:

(1)   That I knowingly received a visual depiction;

(2)   That the depiction was shipped or transported in interstate or foreign commerce, including by computer;

(3)   That the visual depiction involved using a minor engaged in sexually explicit conduct;

(4)   That the depiction is of a minor engaged in sexually explicit conduct; and

(5)   That I knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

I understand that to "receive" something means to knowingly accept or take possession of something. Receipt does not require

proof of ownership.

I understand that "minor" means any person younger than 18 years old.

I also understand that the term "sexually explicit conduct" means actual or simulated:

- sexual intercourse, including genital-genital, oral-genital, anal genital, or oral-anal contact, whether between persons of the same or opposite sex;

- bestiality;

- masturbation;

- sadistic or masochistic abuse; or

- lascivious exhibition of the genitals or pubic area of any person.

"Lascivious exhibition" means indecent exposure of the genitals or pubic area, usually to incite lust. Not every exposure is a lascivious exhibition.

I also understand that the term "visual depiction" includes undeveloped film and videotape, and data stored on computer media or by other electronic means that can be converted into a visual image.

I understand that Count 2 charges me with possession of one or more films, video tapes, or other matter which contained any visual depiction which had been shipped or transported using any means of

3

interstate or foreign commerce, including by computer, and the production of such visual depiction involved the use of a minor engaged in sexually explicit conduct and the visual depiction was of such conduct, and that the United States must prove the following elements of the offense beyond a reasonable doubt:

(1) That I knowingly possessed films, video tapes, or other matters which I knew contained visual depictions of minors engaged in sexually explicit conduct;

(2) That I knew the visual depictions contained in the films, video tapes, or other matters showed minors engaged in sexually explicit conduct;

(3) That I knew that production of such visual depictions involved use of a minor in sexually explicit conduct; and

(4) That each visual depiction had been transported in interstate or foreign commerce, by computer or other means.

### STIPULATED FACTS

1.    On July 13, 2015, Magistrate Judge Frank J. Lynch, Jr. signed a federal search warrant authorizing the search of my home at 7602 Kenwood Road, Ft. Pierce, Florida.

2.    On July 14, 2015, at approximately 6:50 AM, HSI SA Brian Ray executed the search warrant and made contact with me, Richard AHEARN.

3.    I identified the only running computer in the house, a Dell Optiplex 960 tower computer, as mine.   Child pornography was located

4

on a Crucial SK01 External Hard Drive, serial number sk0107100514, located inside, and operated with, the Dell Optiplex 960 tower computer.

4.    From an external hard drive attached to the Dell, SA Ray recovered one or more images of a minor engaged in sexually explicit conduct.

5.    Within the external hard drive attached to the Dell computer, SA Ray located a video in a sub folder labeled "Downloads".  The folder contained a five minute long video depicting two females engaging in sexually explicit activity with one another while being recorded.  One of the females depicted in the video is less than 18 years old.  SA Ray was able to determine that the video was downloaded on May 25, 2015 into the "Download" folder.

6.    In the external hard drive attached to the Dell computer, from within the recycle bin, SA Ray recovered an image labeled "Capture.jpg".  The image shows two minor females engaged in sexually explicit conduct with an adult male, wherein one of the minor females is performing oral sex on the adult male.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date:  ___11/5/15___      _____

DANIEL FUNK
ASSISTANT UNITED STATES ATTORNEY

Date: 11-5-15

MICHAEL KESSLER
ATTORNEY FOR DEFENDANT

Date: 11/5/15

LYDIA PITTAWAY
ATTORNEY FOR DEFENDANT

Date: 11/5/15

RICHARD AHEARN
DEFENDANT

6